## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| Danyailla M. Moore<br>          Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK, INC.. et al.,<br>          Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

---

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. __27__ (ECF __465__).

## IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1.      Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Danyailla M. Moore _____.

2.      If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3.      If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4.      If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5.      Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

       X_____ Novo Nordisk Inc.

       X_____ Novo Nordisk A/S

       _____ Eli Lilly and Company

       _____ Lilly USA, LLC

       _____ other(s) (identify): _____

**JURISDICTION AND VENUE**

6.      City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a

Decedent, Decedent's last permanent residence):

Monmouth, Illinois
_____

7.      State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

Illinois
_____

8.      State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA

Product(s) at issue:

Illinois
_____

9.      City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

Monmouth, Illinois
_____

10.     Jurisdiction is based on:

X_____      diversity of citizenship pursuant to 28 U.S.C. § 1332

_____      other (plead in sufficient detail as required by applicable rules):

_____

_____

11.     The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form

Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Northern District of Illinois
_____

12.     Venue is proper in the District Court identified in Paragraph 11 because:

X_____      a substantial part of the events and omissions giving rise to Plaintiff(s)'

claims occurred there

3

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13.    If applicable, identify the citizenship of any additional Defendant(s) named above:

_____

**PRODUCT USE**

14.    Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    X_____    Ozempic (semaglutide)

    _____    Wegovy (semaglutide)

    _____    Rybelsus (oral semaglutide)

    _____    Victoza (liraglutide)

    _____    Saxenda (liraglutide)

    _____    Trulicity (dulaglutide)

    _____    Mounjaro (tirzepatide)

    _____    Zepbound (tirzepatide)

    _____    Other(s) (specify): _____

15.    To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

Plaintiff used Ozempic between March 13, 2023 and August of 3, 2023. Plaintiff refilled her last 28 day supply of Ozempic on July 19, 2023.

## INJURIES AND DAMAGES

16.     To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s),

Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

_____ Gastroparesis

_____ Other gastro-intestinal injuries (specify) _____

__✕___ Ileus

_____ Ischemic Bowel/Ischemic Colitis

_____ Intestinal Obstruction

_____ Necrotizing Pancreatitis

_____ Gallbladder Injury (specify) _____

_____ Micronutrient Deficiency

_____ Wernicke's encephalopathy

_____ Aspiration

_____ Death

__✕___ Additional/Other(s) (specify): _abdominal pain_____

17.     Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

_Plaintiff's injuries occured approximately in or around 8/2/2023._____

_____

_____

_____

18.    In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    __X__  Injury to self

    _____  Injury to person represented

    _____  Economic loss

    _____  Wrongful death

    _____  Survivorship

    _____  Loss of services

    _____  Loss of consortium

    _____  other(s) (specify): _____

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

X____   Count I:      Failure to Warn – Negligence

X____   Count II:     Failure to Warn – Strict Liability

X____   Count III:    Breach of Express Warranty/Failure to Conform to Representations

X____   Count IV:     Breach of Implied Warranty

X____   Count V:      Fraudulent Concealment/Fraud by Omission

X____   Count VI:     Fraudulent/Intentional Misrepresentation

X____   Count VII:    Negligent Misrepresentation/Marketing

X____   Count VIII:   Strict Product Liability Misrepresentation/Marketing

X____   Count IX:     Innocent Misrepresentation/Marketing

_____   Count X:      Unfair Trade Practices/Consumer Protection (see below)

X____   Count XI:     Negligence

X____   Count XII:    Negligent Undertaking

X____   Count XIII:   State Product Liability Act (see below)

_____   Count XIV:    Wrongful Death

_____   Count XV:     Loss of Consortium

_____   Count XVI:    Survival Action

_____   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20.    If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or

consumer protection statutes of any jurisdiction as identified in Count X above:*

      a.    Indicate the specific statute (including subsections) under which Plaintiff(s)

      is/are bringing such claims:

        Illinois Consumer Fraud and Deceptive Business Practices Act: 815 ILCS 505/2

        _____

        _____

      b.    Identify the factual allegations supporting those claims (by subsection, if

      applicable):

        Refer to Master Long Form Complaint, Document Number 294, Counts III, V-X.

        _____

        _____

*** Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.**

21.    If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act

("PLA") of any jurisdiction as identified in Count XIII above:*

    a.  Indicate the specific statute (including subsections) under which Plaintiff(s)

        is/are bringing such claims:

        Illinois Product Liability Act 735 ILCS 5/2-621

    b.  Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent

        failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        None.

    c.  Identify the factual allegations supporting those claims:

        Refer to Master Long Form Complaint, Document Number 294, Counts I-III, VIII, and XI.

***\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.***

22.    If pre-suit notice is required by statute, did Plaintiff(s) provide some form of

separate pre-suit notice to Defendant(s)? _____.  If so, attach such notice.

## RELIEF

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.


Date: February 20 2026

By: Edward Kelley, SBN 0096082
Constantine Venizelos, SBN: 0078596

Constant Legal Group, LLP

737 Bolivar Rd., Suite 440

Cleveland, Ohio 44115

dean@constantllp.com

216-849-3326

Name(s), Bar Number(s), Law Firm(s),
Mailing Address(es), Email Address(es),
and Phone Number(s) of Attorney(s)
representing Plaintiff(s).

11